IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARQUIS VARNER, #180588, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1021-WKW |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marquis Varner ["Varner"], a state inmate, on November 2, 2006.[1] In this petition, Varner challenges convictions for reckless murder imposed upon him in 1995 by the Circuit Court of Montgomery County, Alabama.[2] By operation of law, Varner's reckless

---

[1] Although the Clerk stamped the petition filed on November 15, 2006, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Varner certified that he executed this federal habeas petition on November 2, 2006. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 7. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Varner] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this proceeding, the court considers November 2, 2006 as the date of filing.

[2] Varner contends (i) his guilty pleas were unlawfully induced and/or not made voluntarily as he did not understand the consequences of his pleas because the possible sentence range referenced in the guilty plea form, i.e., 10 to 99 years imprisonment, was not the correct range of punishment of 10 to 99 years or life imprisonment; (ii) the trial judge promised petitioner a sentence of twenty years imprisonment if he pled guilty but then sentenced petitioner to thirty years imprisonment; (iii) counsel provided ineffective assistance by failing to advise petitioner of the correct range of punishment; and (iv) his convictions were obtained by a violation of the privilege against self-incrimination because any statement provided by petitioner occurred in violation of his *Miranda* rights.

murder convictions became final in February of 1996.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions.[3]  Governing case law therefore establishes that because Varner's reckless murder convictions became final in February of 1996, months before the effective date of the AEDPA, the limitation period did not begin to run until April 24, 1996. *Wilcox*, 158 F.3d 1211.  Varner, however, filed a Rule 32 petition on April 24, 1996 challenging his convictions which remained pending in the state courts until June 6, 1997.[4]  Since Varner filed his Rule 32 petition on the date the limitation period was due to begin running, the petition tolled the limitation period and it remained tolled during the pendency of this state post-conviction action.  Nevertheless, even allowing the aforementioned tolling of the limitation period, the applicable period of limitation expired prior to Varner

---

[3]The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions.  This Act became effective on April 24, 1996.  The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons "one year from the AEDPA's effective date" to file a federal habeas petition.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

[4]Although the state court entered the Rule 32 petition as "filed" on April 29, 1996, it is clear that Varner submitted this petition to prison officials for mailing prior to the date the state court received the petition.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to a pro se Rule 32 petition filed in the state courts of Alabama.  Thus, in the interest of justice and clarity, this court considers April 24, 1996 the appropriate date of filing for Varner's Rule 32 petition.

filing the present federal habeas petition.

Based on the foregoing, the court entered an order advising Varner he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of January 12, 2007 - Court Doc. No. 11*. This order also provided Varner an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 5. In response to this order and in previously filed documents, Varner contends the challenge to the constitutionality of his guilty plea presents a jurisdictional issue not subject to the one-year period of limitation.[5] Additionally, Varner argues this court should allow equitable tolling of the limitation period due to his lack of legal knowledge and because the denial of his Rule 32 petition by the state courts caused him to "head stroke 'mentally stress'" as he lost hope of obtaining relief from his convictions. *Petitioner's January 31, 2007 Response - Court Doc. No. 12* at 2.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Varner failed to file the petition within the applicable one-year period of limitation.

---

[5]As support for this argument, Varner maintains Alabama law allows the presentation of jurisdictional claims in a state collateral attack at any time. However, state law is neither relevant nor dispositive in this matter. Moreover, this court could not locate any federal authority which supports the petitioner's argument.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations

is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On January 9, 1995, Varner entered guilty pleas before the Circuit Court of Montgomery County, Alabama to two counts of reckless murder. The trial court imposed sentence for these convictions on January 27, 1995. Varner filed a direct appeal challenging his reckless murder convictions and the Alabama Court of Criminal Appeals issued a memorandum opinion affirming such convictions on February 9, 1996. *Respondents' Exhibit 1L - Court Doc. No. 10-13*. Varner did not further appeal his convictions. Since Varner failed to fully pursue the direct appeal process, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his reckless murder convictions therefore lapsed upon expiration of the time for filing a request for rehearing in the appellate court -- fourteen (14) days after rendition of judgment. Rule 40(c), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of

certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). Thus, Varner's convictions for reckless murder became final on February 23, 1996.

It is therefore undisputed that the convictions challenged in this federal habeas action became final prior to enactment of the AEDPA. The law is well settled that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Varner], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, the limitation period for prisoners in this position begins to run absent tolling on April 24, 1996. *Id*.

**1. Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Varner filed a Rule 32 in the Circuit Court of Montgomery County, Alabama on April 24, 1996 which tolled the running of the federal limitation period from its inception until finality of judgment in the post-conviction action. The trial court denied Varner's Rule 32 petition on November 21, 1996. *Respondents' Exhibit 1P - Court Doc. No. 10-17*. Varner filed a notice of appeal

and the Alabama Court of Criminal Appeals affirmed the trial court's denial of the Rule 32 petition by memorandum opinion on May 23, 1997. *Respondents' Exhibit 1S - Court Doc. No. 10-20.*[6] Varner did not undertake any further action on this appeal. Final resolution of the Rule 32 action therefore occurred on June 6, 1997, Rule 40(c)(1), *Alabama Rules of Appellate Procedure*, and this petition tolled the running of the federal limitation period until such date. Thus, the federal limitation period first began to run on June 7, 1997 and, without equitable tolling, Varner had one year from this date to file a federal petition for habeas corpus relief.

  **2. Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

---

[6]The Alabama Court of Criminal Appeals determined Varner abandoned his claim challenging the constitutionality of his guilty pleas based on a misstatement of the sentencing range on the plea form, i.e., the form indicated the sentencing range as from 10 to 99 years instead of from 10 to 99 years or life, because Varner did not raise such claim on appeal from the trial court's denial of his Rule 32 petition. Despite this determination of procedural default, the appellate court further stated that "notwithstanding the deficiency in the *Ireland* form, the record of the guilty plea proceedings reflects that the trial court advised [Varner] during the guilty plea colloquy that he faced up to life in prison and that [Varner] indicated to the court that he understood that he could receive a life sentence.... Thus, it appears that prior to entering his pleas, [Varner] was aware that he faced up to life in prison." *Respondents' Exhibit 1S - Court Doc. No. 10-20* at 2.

7

circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Initially, Varner argues the challenge to the constitutionality of his guilty pleas is a jurisdictional issue not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law. The court notes that no government impediment existed to the presentation of any of the claims presented to this court nor are these claims based on a newly recognized constitutional right. Moreover, the factual predicate of Varner's claims for federal habeas relief were available to him at the time he entered his guilty pleas and upon imposition of the sentences for his convictions. These claims therefore fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Thus, the claim presented by Varner attacking the constitutionality of his guilty pleas as unlawfully induced/involuntary is properly subjected to the one-year period of limitation mandated by federal law.

Varner next argues equitable tolling is justified because he has limited knowledge of the law. An inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not justify equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable

tolling.").

Finally, Varner alleges denial of post-conviction relief by the state courts caused him to become despondent and suffer mental stress thereby justifying equitable tolling, This allegation entitles Varner to no relief as he has failed to establish a causal connection between the alleged mental stress and his ability to file a timely federal habeas petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124 Fed.Appx. 971, 973 (6th Cir.2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir.2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir.2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); *Lake v. Arnold*, 232 F.3d 360, 371 (3rd Cir. 2000) (mental deficiency, including even mental incompetence, standing alone, not sufficient reason to toll limitation period); *see also Smith v. Newsome*, 876 F.2d 1461, 1466 (11th Cir. 1989) (where petitioner understood nature and consequences of state proceedings and acted throughout in a rational manner, "general mental condition" does not excuse failure to act in accordance with applicable procedural rules); *Farabee v. Johnson*, 129 Fed. Appx. 799, 804 (4th 2005) (petitioner presented no evidence demonstrating "his mental illness interfered with his

ability to appreciate his litigation position or to make rational decisions concerning the litigation" and, therefore, failed to establish that mental illness caused his several procedural defaults); *Harris v. McAdory*, 334 F.3d 665, 669-670 (7th Cir. 2003) (neither borderline mental retardation nor frontal lobe brain dysfunction sufficient to warrant relief from a procedural bar); *Ervin v. Delo*, 194 F.3d 908, 916 (8th Cir. 1999) (petitioner's "alleged depression could not amount to cause excusing [petitioner's] procedural default" where the "alleged depression did not hinder his ability to file a pro se postconviction motion."); *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999) (absent "conclusive showing that mental illness interfered with a petitioner's ability to appreciate his ... position and make rational decisions regarding his ... case at the time during which he ... should have pursued post-conviction relief[,]" mental illness does not excuse procedural default); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (petitioner's below-average intelligence insufficient to justify relief from a procedural bar); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's diagnosis as a "borderline mental defective" fails to establish cause for excusing a procedural default). A petitioner must make a threshold showing of mental incompetence, *see Calderon v. United States District Court for the Central District of California*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998). Thus, the mere fact that Varner suffered and/or now suffers from stress, without

11

more, is insufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227.

Varner has presented nothing to this court which indicates that mental stress rendered him incapable of preparing a habeas petition at any time during the running of the limitation period. Rather, the record in this case establishes that Varner filed a Rule 32 petition, an appeal from the trial court's denial of such petition and this federal habeas petition while incarcerated and proceeding pro se. In light of the foregoing, the court concludes Varner has failed to demonstrate that mental stress in any way adversely affected his ability to file a timely federal habeas petition. Consequently, equitable tolling is not warranted for any mental stress Varner may have endured upon denial of his state post-conviction petition.

**3. Expiration of the Limitation Period**. Varner's reckless murder convictions became final on February 23, 1996. However, the federal limitation period did not begin to run at this time and could not begin to run until April 24, 1996. *Wilcox*, 158 F.3d at 1211. Varner, however, filed a Rule 32 petition on April 24, 1996 which tolled the running of the federal limitation period until final determination of this state post-conviction petition by the state courts on June 6, 1997. At this time, the entire year of the limitation period remained for the filing of a federal habeas petition by Varner. As previously determined, Varner presents no credible basis for either statutory or equitable tolling of the limitation period with respect to its running after final determination of his Rule 32 petition. The limitation period therefore began to run on June 7, 1997 and ran

uninterrupted until its expiration on June 7, 1998. Varner filed the instant petition for federal habeas relief on November 2, 2006, over eight years after expiration of the limitation period. Varner has failed to demonstrate that his petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Maquis Varner on November 2, 2006 be denied as Varner failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before January 5, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE